IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WISE DAVID ALLEN | * |
| WISE MARCUS ALLEN | |
| ANANDA JASMINE ALLEN | * |
| Plaintiffs, | |
| v. | * CIVIL ACTION NO. PJM-06-1700 |
| | |
| GAIL DORSEY, DIRECTOR OF THE | * |
| OFFICE OF CHILDREN SUPERVISED | |
| VISITATION CENTER, OFFICE OF | * |
| CHILDREN SUPERVISED VISITATION | |
| CENTER | * |
| J. M. F. RYAN, SUPERIOR COURT OF | |
| DISTRICT OF COLUMBIA | * |
| GISSELLE A. HASS, YOUTH FORENSIC | |
| SERVICES DIVISION | * |
| CITY OF DISTRICT OF COLUMBIA | |
| Defendants. | * |
| | *** |

**MEMORANDUM OPINION**

On June 12, 2006, Wise David Allen ("Allen"), a resident of Germantown, Maryland, filed a pro se complaint on behalf of himself and his two minor children, Ananda and Wise Marcus Allen, against certain District of Columbia individuals and governmental entities, alleging civil rights violations and tortious misconduct under 28 U.S.C. §§ 1331 and 1332 and 42 U.S.C. § 1983.[1]  He seemingly invokes this Court's diversity and civil rights jurisdiction under 28 U.S.C. §§ 1332 and 1343, and requests a jury trial on all counts.

The Complaint, consisting of 34 pages, is difficult to decipher.  It appears that Allen takes issue with the alleged failure of the "Office of Children Supervised Visitation Center" of the District of Columbia to permit him to visit with his minor children on January 14, 2006, January 28, 2006,

---

[1]   A related case, filed in March, 2006, was dismissed without prejudice.  *See Allen, et al. v. Dorsey, et al.*, Civil Action No. PJM-06-658 (D. Md.).

February 12, 2006, and February 19, 2006, pursuant to an order of the Superior Court of the District of Columbia ("Superior Court").[2] Allen further challenges the notice, procedures, and safeguards employed by the District of Columbia's Office of Child Protective Services in November 2005 and January 2006 when it evaluated and interviewed his children, who were allegedly victims of child abuse.[3] He also complains of the actions by "agents" of the District of Columbia Superior Court and the Youth Forensic Services Division with regard to his custody of and visitation with the children.[4] Allen further alleges that the Supervised Visitation Office of the District of Columbia improperly intervened and interfered with his "fundamental" right to discuss certain matters with his children and claims that the Superior Court denied his children the right to medical and mental health examinations and evaluations. He seeks to enjoin "anyone [from] removing" his children from their day school as well as to enjoin various of the procedures of the Defendants. He prays $100,000,000.00 in damages, to be paid into an account in Mexico.

Allen also seeks exemption from the filing fee on the grounds (i) that he is "employed and self employed" with a monthly gross income of $1,700.00; (ii) that he is currently in bankruptcy proceedings in this district; (iii) that any real or personal property or income of his has been

---

[2] Allen may be referring to the District of Columbia's Superior Court Supervised Visitation Center ("Center"), which *inter alia* provides supervised visitation and exchange services in court-referred domestic violence cases. According to its website, the Center has four primary objectives: (1) to provide a neutral location for visits between children and non-custodial parents; (2) to serve as a site for exchanges of children; (3) to protect the safety of children and custodial parents; and (4) to preserve the visitation rights of non-custodial parents. *See* www.dccourts.gov/dccourts/superior/dv/visitation.jsp.

[3] At several points in the Complaint Allen refers to a "Mr. Howard of the District of Columbia" and "the Office of Protective Services, Office of the District of Columbia" in his Complaint. Neither Howard nor the Office of Protective Services has been named as a defendant herein.

[4] Allen makes continued reference to Defendant "J.M.F. Ryan" of the Superior Court of the District of Columbia. Joseph Michael Francis Ryan, Jr., a former senior judge of the court, is deceased. Joseph Michael Francis Ryan III, his son, is currently an active member of the court.

garnished or is subject to supervision of the bankruptcy court; and (iv) that he has extensive debts and monthly personal expenses. In light of this information, the Motion to Proceed In Forma Pauperis will be granted. The Complaint, however, will be summarily dismissed without prejudice.

First, to the extent that Allen seeks relief on behalf of his minor children, he may not so do. Federal courts uniformly preclude parents, guardians or next friends from appearing pro se on behalf of a minor or incompetent person. *See Myers v. Loudoun County Public Schools*, 418 F.3d 395, 401 (4th Cir., 2005); *Wenger v. Canastota Central School District*, 146 F.3d 123, 124 (2$^{d}$ Cir. 1998); *Devine v. Indian River School Board*, 121 F. 3d 576, 581-82 (11th Cir. 1997); *Johns v. County of San Diego*, 114 F. 3d 874, 876 (9th Cir. 1997); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). This prohibition is designed to protect the interests of the minor or incompetent person from being compromised by one who lacks the legal training necessary to adequately protect him or her. It also recognizes that lay persons are not bound by the same ethical obligations placed upon lawyers.[5] *See Brown v. Ortho Diagnostic Systems, Inc.*, 868 F. Supp. 168, 172 (E.D. Va. 1994).

Second, even if Allen were able to represent himself and his children in this matter, his Complaint is subject to dismissal on jurisdictional and venue grounds. To the extent that he is challenging custody and visitation decisions of the District of Columbia Superior Court or enforcement of a Superior Court visitation order or agreement, these are matters of family law and, under the domestic relations exception to federal jurisdiction, federal courts do not have the power to intervene in such matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 701-05 (1992); *see also*

---

[5] Allen asserts that he is a member of the California Bar and provides a Bar Number and the Court has confirmed that the State Bar of California lists a Wise David Allen, of Berkeley, California, as an active member. Allen claims, however, to be a resident of the State of Maryland, where he is not a member of the State Bar nor a member of the Bar of this Court. Given Allen's apparent adverse relationship vis-a-vis the mother of the minor children, the Court will not permit him to proceed pro hac vice on behalf of the children in any event. *See* Local Rule 101.1.b. (D. Md. 2004).

*Allen v. Allen*, 48 F.3d 259, 261 n.2 (7th Cir. 1995) (Disputes arising out of custody decrees fall within the domestic relations exception and thus outside federal jurisdiction).

Third, there is a venue problem. Where, as here, a complaint proceeds on the basis of both diversity and federal question jurisdiction, venue is governed by the rules in federal question cases. *See* 28 U.S.C. § 1391(b); *Macon Grocery Co. v. Atlantic Coast Line R. Co.*, 215 U.S. 501, 507-08 (1910). Under § 1391(b), a civil action that is not founded solely on diversity of citizenship may be brought only in the judicial district where any of the defendants reside, if all defendants reside in the same State; a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Since it appears that all Defendants reside in the District of Columbia and that a substantial part (if not all) of the events giving rise to the Complaint occurred in the District of Columbia, venue lies there, not in Maryland.

For the foregoing reasons this Complaint will be dismissed without prejudice. A separate Order accompanies.

July 12, 2006

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE